UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHAN A. GARNER,

        Plaintiff,                           Case Number 14-10990
                                                                                         Honorable David M. Lawson
v.                                                                                      Magistrate Judge R. Steven Whalen

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AFFIRMING THE FINDINGS OF THE COMMISSIONER, AND DISMISSING COMPLAINT**

    The plaintiff filed the present action on March 6, 2014 seeking review of the Commissioner's decision finding that he was no longer disabled as of May 1, 2010. The case was referred to United States Magistrate Judge R. Steven Whalen under 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgment to reverse the decision of the Commissioner and award him unpaid benefits from May 1, 2010. The defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. Magistrate Judge Whalen filed a report on February 18, 2015 recommending that the defendant's motion for summary judgment be granted, the plaintiff's motion for summary judgment be denied, and the decision of the Commissioner be affirmed. The plaintiff filed timely objections to the recommendation and the defendant filed a response to the objections. This matter is now before the Court.

The filing of timely objections to a report and recommendation requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

The Court has reviewed the file, the report and recommendation, the plaintiff's objections, and the Commissioner's response and has made a *de novo* review of the administrative record in light of the parties' submissions.

The plaintiff, who is now 53 years old, was found to be disabled due to cardiomyopathy as of January 4, 2004, when he was 42 years old. The plaintiff completed high school and last worked as a dishwasher at some point during 2009. According to the plaintiff, however, he can no longer work as a dishwasher due to foot problems. In January 2004, the plaintiff was diagnosed with

alcoholic liver disease, cirrhosis, history of congestive heart failure, and severe non-ischemic cardiomyopathy. When the Administrative Law Judge (ALJ) issued his decision on October 18, 2012, he found that the plaintiff's current medical conditions were a history of cardiomyopathy, diabetes, hypertension, and obstructive sleep apnea.

The plaintiff was determined to be disabled as of January 4, 2004 in an administrative determination dated April 14, 2004. On May 27, 2010, the Commissioner determined that the plaintiff was no longer disabled as of May 1, 2010. The plaintiff timely filed a request for an administrative hearing on the termination of his disability, and on September 17, 2012, Garner appeared and testified at a hearing before ALJ John Ransom. On October 18, 2012, ALJ Ransom issued a written decision finding that Garner's disability ended on May 1, 2010. On February 7, 2014, the Appeals Council denied the plaintiff's request for review of the decision. Garner filed his complaint seeking judicial review on March 6, 2014.

ALJ Ransom arrived at his decision that the plaintiff was no longer disabled by applying the eight-step process set forth in 20 C.F.R. § 404.1594 (as to the termination of disability benefits under Title II), and the seven-step process set forth in 20 C.F.R. § 416.994 (as to termination of Supplemental Security Income benefits under Title XVI). The ALJ made the following determinations, as of the disability termination date of May 1, 2010: (1) the plaintiff had not engaged in substantial gainful activity (step one of the Title II analysis); (2) the plaintiff was diagnosed with a history of cardiomyopathy, diabetes, hypertension, and obstructive sleep apnea, and none of these impairments alone or in combination met or equaled a listing in the regulations (step two under Title II and step one under Title XVI); (3) there had been a decrease in the medical severity of the impairments present at the time of the April 14, 2004 determination that the plaintiff was disabled

(step three and two respectively); (4) the improvement was related to the plaintiff's ability to work because the impairments no longer met or medically equaled the same listed impairment that was met at the time of the previous determination of disability (step four and three); (5) consideration of the exceptions under 20 C.F.R. § 404.1594(d)-(e) and 20 C.F.R. § 416.994(b)(3)-(4) was not required because it was determined that medical improvement had occurred (step five and four); (6) the plaintiff's ongoing impairments were "severe" within the meaning of the Social Security Act (step six and five); and (7) the plaintiff could not perform his previous work as a restaurant busboy, which was classified as "light" and unskilled, but which exceeded the plaintiff's non-exertional limitations (step seven and six).

In applying the final (eighth and seventh) step of the analysis, the ALJ concluded that the plaintiff had the residual functional capacity (RFC) to perform light work with the limitations of no work at unprotected heights or around moving machinery; no prolonged walking, standing, or lifting; and a low stress working environment (due to the history of coronary disease). A vocational expert testified that the plaintiff would be able to perform jobs such as "assembler" or "inspector," and that there were around 4,500 and 1,600 jobs in those respective categories in the regional economy. Based on these findings and using Medical Vocational Rule 202.13 as a framework, the ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act. Following the decision by the ALJ, the plaintiff appealed to the Appeals Council, which denied the plaintiff's request for review on February 7, 2014.

As noted, the plaintiff sought review of the Commissioner's decision under 42 U.S.C. § 405(g). In his motion, it appears that the plaintiff concedes that he is no longer disabled from his cardiomyopathy, which has substantially improved. However, he insists that he continues to suffer

from syncope (fainting spells) and a distended abdomen. It is not clear how the plaintiff's abdominal distension would affect the ALJ's RFC determination. However, the vocational expert testified that if the plaintiff's description of his syncopal episodes were fully credited, he would not be able to work. In making his RFC finding, the ALJ found that the plaintiff's complaints were not fully credible. The magistrate judge suggested that substantial evidence supported the ALJ's determination.

In his first objection, the plaintiff argues that the magistrate judge erred in finding that the ALJ articulated a sufficient factual basis for his determination that the plaintiff's syncopal episodes and dizziness had been resolved. The plaintiff contends that the Commissioner refers to the "findings" of the ALJ regarding these medical issues as "implicit," and the medical records relied upon by the magistrate judge and the ALJ were of tests and procedures unrelated to either syncopy or dizziness. The plaintiff contends that because the "implicit" disregard of the plaintiff's symptoms of syncopy and dizziness was not supported by reference to any specific findings in the medical record, the ALJ failed to articulate with the required specificity the reasons why he did not credit those symptoms as having an impact on the plaintiff's condition or capacity to work. The plaintiff argues that, at a minimum, remand is warranted in order to require the ALJ to articulate the specific reasons why he disregarded these symptoms.

Although subjective complaints may be sufficient to support a claim of disability, *see Glass v. Sec'y of Health, Educ. & Welfare,* 517 F.2d 224, 225 (6th Cir. 1975), Congress has also stated that "there must be medical signs and findings, established by medically acceptable or clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected

to produce the pain." 42 U.S.C. § 423(d)(5)(A). The Sixth Circuit has described the Commissioner's analytical framework for evaluating subjective complaints of pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986).

Although the ALJ's discussion of the plaintiff's complaints of fainting is sparse, a fair reading of the decision is that the ALJ attempted to trace the syncope to the plaintiff's cardiac ailments, but those had resolved. He observed:

> The claimant underwent a physical examination May 31, 2012, with Davinderjit,, M.D. He indicated the claimant complained of headaches and syncopal episodes. He opined the claimant syncopal episodes might be related to the claimant's prior cardiomyopathy. However, he noted the claimant's physical examination was essentially normal[.] He also indicated the claimant's prior coronary testing was negative. (Exhibit 31F).

Tr. 93. That observation was preceded and followed by a litany of normal test results. The ALJ then concluded that although the plaintiff's medical impairment — cardiomyopathy — could produce the symptoms, the plaintiff's complaints were not fully credible because the medical test results simply did not back them up. Tr. 94.

The ALJ's findings were amply supported by substantial evidence in the record. The Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1053 (6th Cir. 1983). The reviewing court must affirm the Commissioner's findings if they are supported by substantial evidence and the

Commissioner employed the proper legal standard. *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). The record evidence here was quite one-sided in favor of the Commissioner's decision. There was little evidence on this point favoring the plaintiff.

In his second objection, the plaintiff argues that the magistrate judge erred in finding that the ALJ properly resolved the issue of the plaintiff's abdominal distention. The plaintiff contends that, contrary to the magistrate judge's conclusion, the ALJ did not address the medical evidence relating to abdominal distention, but instead simply concluded, without elaboration, that there was "no indication of persistent abdominal swelling" in the medical record. The plaintiff argues that this conclusory assertion by the ALJ disregards substantial medical evidence that he received ongoing treatment for his distended abdomen over a two-year period preceding the 2012 hearing, and the ALJ did not articulate any reason why the records of that treatment should be discredited.

The ALJ noted that the plaintiff had complained to Dr. Darrick Hoover at Genesys Health of abdominal swelling on October 15, 2010. Tr. 92. He did not mention that the records also documented treatment at the University of Michigan Hospital in August 2011, where the plaintiff reported a two-year history of abdominal distention. Tr. 619-620. But by then, although he believed that he had "a significant amount of fluid in his abdominal cavity," he did "not have much in the way of nausea, vomiting, constipation, diarrhea, or abdominal pain." Tr. 619. And by February 2012, the complaint appears to be characterized as "fluid retention." Tr. 632. The plaintiff has not pointed to any record evidence after that date up to the date of the hearing in which abdominal distention manifested itself. Therefore, it cannot be said that the ALJ's finding of "no indication of *persistent* abdominal swelling" lacks substantial evidentiary support.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching his conclusion. The Court has considered all of the defendant's objections to the report and finds them to lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #20] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections [dkt. #21] are **OVERRULED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt. #16] is **DENIED**.

It is further **ORDERED** that the defendant's motion for summary judgment [dkt #18] is **GRANTED**. The findings of the Commissioner are **AFFIRMED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: September 18, 2015

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 18, 2015.

s/Susan Pinkowski
SUSAN PINKOWSKI